**FILED**
**SEP 1 0 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF <u>COLUMBIA</u>

RUBEN FLORES #67311186  )
F.C.I. BEAUMONT )
POB 26020 )
Beaumont, TX.  Petitioner, )
77720 )
v )  Ci   Case: 1:07-cv-01609
ALBERTO GONZALES, UNITED STATES )  In   Assigned To : Huvelle, Ellen S.
ATTORNEY GENERAL, )       Assign. Date : 9/10/2007
HARLEY LAPPIN, DIRECTOR BUREAU )       Description: Habeas Corpus/2255
OF PRISONS )
         Respondent. )

Habeas Corpus

Motion For Consideration For Early Release
Pursuant To Title 28 U.S.C. § 2241(a)

COMES NOW, Petitioner ___FLORES___, acting <u>pro se</u> in the above matter.

The Petitioner ___FLORES___, is at a Federal Correctional Institution whose Statutory and Due Process rights have been violated by the Federal Bureau of Prisons when they unconstitutionally denied him early release eligibility under 18 U.S.C. §3621(e), the Equal Protection Clause, and Due Process Clause of the Fifth Amendment. An inmate who was sentenced to a term of imprisonment pursuant to the provisions of Chapter 227, sub-chapter (D) for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

1

Namely the five-hundred (500) hour in patient treatment program offered within the designated facilities. This is an intentive drug treatment program in which Congress enacted to address the growing concern and as an incentive authorized for a sentence reduction for those who completed the program. And it is for this reason petitioner appeals to this Honorable Court for (consideration for early release).

### Jurisdiction Of The Court

This Court has jurisdiction over this action pursuant to 28 U.S.C. §2241 because the petitioner's term in federal custody is being determined in violation of the United States Constitution and the Laws of the United States.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331, in that the action arises out of the Constitution and Laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343(4), in that the petitioner seeks to redress the deprivation or right guaranteed by both the Constitution and Federal Statutes.

### PARTIES

The petitioner is presently confined at a Federal Correctional Institution pursuant to a judgment of the United States District Court for the District of WESTERN TEXAS, the Warden of the Federal Correctional Institution and through the Federal Bureau of Prisons an agency of the United States Department of Justice is responsible for

2

Accordingly, the B.O.P. promulgated an interim regulation on October 9, 1997, and made the regulation effective on October 15, 1997. See 28 C.F.R. §550.58(a)(1)(VI)(B) (1997); 62 F.3d Reg. 53, 690; P.S. 5162.04 (Oct 9, 1997); P.S. 5330.10 (Oct. 9, 1997). The (1997) interim regulation made ineligible for the early release incentive to those prisoners currently incarcerated for an offense that involved the possession, use, or carrying of a firearm. 28 C.F.R. §550.58(a)(1)(VI)(B). Relying instead on its discretion rather than on an interpretation of the term "non-violent offense", the B.O.P.'s (1997) rule and program statements exclude exactly the same prisoners from early release eligibility who were ineligible under the old rules Id.

But the Courts have upheld the exercise of the B.O.P.'s discretion on rule and program statements and policies were invalid because they were not implemented in accordance with the notice and comment provisions of the Administrative Procedures Act(APA). Lopez v Davis, 531 U.S. 230, 244, 121 S.Ct. 714 148 L.Ed 2d 635 (2001); Grassi v Hood, 251 F.3d 1218, 1221 (9th Cir. 2001) ; Bower v Hood, 202 F.3d 1211 (9th Cir. 2000) rev'g Gavis v Crabtree, 28 F. Supp. 2d 1264 (D. Or. 1998)(holding that the B.O.P.'s new interpretation conflicted with the unambigously expressed intent of Congress, Meriting no defense). On December 22, 2000, the B.O.P. replaced the (1997) interim regulation with a final regulation, which adopted the (1997) regulation without any change. See 65 Fed. Reg. 80, 745. See In Bohner v Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003) that the (1997) rules were invalid because they were promulgated in violation of the (APA). In the Ninth Circuit Court of Appeals it was held Paulsen v Daniels, that the B.O.P. "plainly violated the APA in its promulgation of the (1997) interim regulation" and that because the effect of the regulation was to deny petitioner's sentence reduction, the

petitioners clearly had sustained an injury in fact affording him standing. <u>Id.</u> at 1004, 2005 WL 1523204,*3.

Here, Petitioner FLORES, was convicted of a non-violent offense and claims he is eligible for reduction of his period of custody under 18 U.S.C. §3621(e).

The Petitioner FLORES has filed for Habeas Corpus relief under 28 U.S.C. 2241, that the Bureau violated the APA, and that the violation was not harmless, the <u>Question of remedy</u>, "Ordinarily when a regulation is not promulgated in compliance with the APA, the regulation is invalid". <u>Idaho Farm Bureau</u>, 58 F.3d at 1405 (9th Cir. 1987); See <u>W.C. v Bower</u>, 807 F.2d 1502, 1505 (9th Cir. 1987), amended by, 819 F.2d 237 (9th Cir. 1987); <u>Buschmann</u>, 676 F.2d at 355-56; <u>Western Oil & Gas Ass'n v. EPA</u>, 633 F.2d 803, 813 (9th Cir. 1980); See also <u>Grier</u>, 46 Fed. APPx. at 439 n.z.

## Conclusion

Therefore, for these reasons Petitioner's petition for Writ of Habeas Corpus should be granted and a order be given to the B.O.P. deeming the petitioner eligible for a reduction of his period of custody. Upon petitioner's successful completion of the D.A.P. program. The B.O.P. shall grant a reduction of one year from the petitioner's sentence.

Respectfully submitted this 6 day of Sept., 2007.

Ruben Flores Jr.

5

the petitioner's custody and his or her term of confinement.

### Statement Of The Case

On <u>04/04/2007</u> the Honorable Judge <u>FURGESON</u> for the United States District Court for the District of <u>WESTERN TX</u> sentenced the petitioner to a term of imprisonment for <u>87 Months</u> upon his or her conviction for violation of <u>POSS W/INTENT TO DIST MORE THAN 5 LESS THAN 50 GRAMS METHAMPHETAMINE</u>
Case No. #<u>SA-06CR202-RF(01)</u> has been in custody in connection with this offense since <u>04/05</u>, 20<u>06</u>.

### Statement Of Law

In Title 18 U.S.C. §3621(e) provides "that every prisoner with a substance abuse problem [shall] have the opportunity to participate in appropriate substance abuse treatment ..." In 1994, as an incentive for prisoners to seek treatment, Congress made one-year sentence reductions available to prisoners convicted of non-violent offenses who successfully completed the substance abuse treatment programs. 18 U.S.C. §3621(e)(2)(B). As a result, in 1995, the B.O.P. published a regulation to implement the early release incentive and defined a "non-violent offense" to exclude any conviction accompanied by the possession of a firearm or other dangerous weapons. The Ninth Circuit rejected the B.O.P.'s <u>interpretation</u>, holding that the B.O.P. cannot define "non-violent offense" to exclude firearm possession when Congress defines "non-violent offense" in precisely the opposite way. <u>Davis v Crabtree</u>, 109 F.3d 566, 569 (9th Cir. 1997); See also <u>Downey v Crabtree</u>, 100 F.3d 662, 667 (9th Cir. 1996).

3

*[Handwritten routing at top: Warden, Ass Complex, CMC, DAP Unit/Staff, 5/17-99]*

U.S. Department of Justice
Federal Bureau of Prisons

# Operations Memorandum

NUMBER: 026-99 (5162)
DATE: 5/17/99
SUBJECT: Release Procedures for Inmates Eligible for Release Under 18 U.S.C. § 3621(e)

EXPIRATION DATE: 5/17/00

1. **PURPOSE AND SCOPE.** To extend the cancellation dates of the Operations Memoranda listed below.

   These OMs relate to court decisions in various Circuits that have interpreted the early release provisions for Residential Drug Abuse Programs (RDAP) under 18 U.S.C. § 3621(e). Because the litigation that resulted in the publication of these OMs is not yet settled, and additional litigation on 18 U.S.C. § 3621(e) releases is pending, permanent Bureau policy cannot be set at this time.

   The cancellation dates of the Operations Memoranda listed below, except for OMs 052-98 and 068-98, were previously extended by OM 032-98 (5162) (5/5/98).

2. **DIRECTIVES REFERENCED**

   PS 5330.10    Drug Abuse Program Manual (6/1/95)
   PS 5162.02    Definition of Term, "Crimes of Violence" (7/24/95)
   PS 5162.04    Categorization of Offenses (10/9/97)
   OM 038-97 (5330)    Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Ninth Circuit (5/31/97)
   OM 054-97 (5162)    Under 18 U.S.C. § 3621(e) Release Procedures Under CN-01 to PS 5162.02 for Inmates in the Ninth Circuit (7/17/97)
   OM 078-97 (5162)    Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Third Circuit (9/8/97)

*[Stamp: 07 1609 FILED SEP 10 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT]*

EXHIBIT 1

| OM 022-98 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Seventh Circuit (2/25/98) |
| OM 023-98 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Eight Circuit (2/25/98) |
| OM 052-98 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Pursuant to 18 U.S.C. § 3621(e) in the Tenth Circuit |
| OM 068-99 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Pursuant to 18 U.S.C. § 3621(e) in the Eleventh Circuit |

3. **SUMMARY OF DIRECTIVES.** Since staff or inmates may not be familiar with each of these Operations Memoranda, a summary of the cases is provided below. These OMs do not apply to al inmates or all Bureau institutions. Therefore, staff and inmates are encouraged to read each OM to understand each cases's provisions and the requirements imposed upon staff and inmates to implement each decision.

   a. OM 038-97 resulted from two cases in the Ninth Circuit. Downey v. Crabtree and Davis v. Crabtree. In Downey, the Ninth Circuit held that no sentence enhancement factors can be used when determining eligibility for an 18 U.S.C. § 3621(e) release. In the Davis case, the Court held that Bureau staff may not interpret the offense Felon in Possession of a Firearm as a crime of violence.

   b. OM 054-97 announced the results of Cort v. Crabtree in which the Ninth Circuit found that CN-1 to PS 5162.02, Definition of Term, "Crimes of Violence" may not be applied to any inmate who had either begun participating in or received a favorable eligibility determination for a sentence reduction prior to CN-1's issuance on April 23, 1996.

   c. OM 078-97 provided implementation instructions for Roussos v. Menifee in which the Third Circuit held the Bureau could not rely on any sentence enhancement factors when determining whether an inmate is convicted of a nonviolent offense under 18 U.S.C. § 3621(e).

   d. OM 022-98 announced a Seventh Circuit decision in Bush v. Pitzer that was similar to the decision in OM 078-97.

   e. OM 023-98 announced an Eighth Circuit decision in Martin v. Gerlinski that was also similar to the decision in OM 078-97.

OM 026-99 (5162)
5/17/99
Page 3

    f. OM 052-98 announced a Tenth Circuit decision in Fristoe v. Thompson that was similar to the decision in OM 078-97.

    g. OM 068-98 announced an Eleventh Circuit decision in Byrd v. Hasty that was similar to the decision in OM 078-97.

4. ACTION

    a. The expiration dates of all of the Operations Memoranda listed above are hereby extended to the date in the header of this Operations Memorandum.

    b. Staff and inmates should consult each particular OM to understand the process and to determine the impact upon any individual case.

    c. This Operations Memorandum shall be placed on all Inmate Bulletin Boards and in the inmate law library.

    d. A copy of this Operations Memorandum is to be filed in front of each of the Operations Memoranda listed above.


/s/
Dennis Bidwell for
Michael B. Cooksey
Assistant Director
Correctional Programs
Division

/s/
Christopher Erlewine
Assistant Director/
General Counsel

```
 BMLGJ   540*23  *          SENTENCE MONITORING           *     06-12-2007
 PAGE 001        *          COMPUTATION DATA              *     20:14:16
                            AS OF 06-12-2007

REGNO..: 67311-180 NAME: FLORES, RUBEN


FBI NO...........: 999191AB6            DATE OF BIRTH: 06-20-1978
ARS1.............: BML/A-DES
UNIT.............: SB                   QUARTERS.....: S06-028U
DETAINERS........: NO                   NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 12-14-2012

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-14-2013 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: TEXAS, WESTERN DISTRICT
DOCKET NUMBER...................: SA-06-CR-202-RF(01)
JUDGE...........................: FURGESON
DATE SENTENCED/PROBATION IMPOSED: 04-04-2007
DATE COMMITTED..................: 04-04-2007
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS   FINES          COSTS
NON-COMMITTED.:  $100.00        $00.00           $00.00         $00.00

RESTITUTION...:  PROPERTY:  NO    SERVICES:  NO       AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....: 383
OFF/CHG: 21:841(A)(1) & (B)(1)(B)  POSSESSION WITH INTENT TO DISTRIBUTE
         5 GRAMS OR MORE, BUT LESS THAN 50 GRAMS OF METHAMPHETAMINE

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:     87 MONTHS
 TERM OF SUPERVISION............:      4 YEARS
 DATE OF OFFENSE................: 04-05-2006




G0002         MORE PAGES TO FOLLOW . . .
```

```
   BMLGJ  540*23 *           SENTENCE MONITORING        *   06-12-2007
   PAGE 002 OF 002 *          COMPUTATION DATA          *   20:14:16
                              AS OF 06-12-2007

 REGNO..: 67311-180 NAME: FLORES, RUBEN


 ------------------------CURRENT COMPUTATION NO: 010 ------------------------

 COMPUTATION 010 WAS LAST UPDATED ON 05-16-2007 AT DSC AUTOMATICALLY
 COMPUTATION CERTIFIED ON 05-18-2007 BY DESIG/SENTENCE COMPUTATION CTR

 THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
 CURRENT COMPUTATION 010: 010 010

 DATE COMPUTATION BEGAN..........: 04-04-2007
 TOTAL TERM IN EFFECT............:    87 MONTHS
 TOTAL TERM IN EFFECT CONVERTED..:     7 YEARS        3 MONTHS
 EARLIEST DATE OF OFFENSE........: 04-05-2006

 JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                      04-05-2006    04-10-2006
                                      02-08-2007    02-10-2007
                                      03-01-2007    04-03-2007

 TOTAL PRIOR CREDIT TIME.........: 43
 TOTAL INOPERATIVE TIME..........: 0
 TOTAL GCT EARNED AND PROJECTED..: 341
 TOTAL GCT EARNED................: 0
 STATUTORY RELEASE DATE PROJECTED: 06-14-2013
 SIX MONTH /10% DATE.............: N/A
 EXPIRATION FULL TERM DATE.......: 05-21-2014


 PROJECTED SATISFACTION DATE.....: 06-14-2013
 PROJECTED SATISFACTION METHOD...: GCT REL




 G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

```
BMLGJ  542*22 *           SENTENCE MONITORING           *     06-12-2007
PAGE 001 OF 001 *            GOOD TIME DATA             *     20:14:28
                          AS OF  06-12-2007

REGNO...: 67311-180    NAME: FLORES, RUBEN
ARS 1...: BML A-DES                                 PLRA
COMPUTATION NUMBER..: 010              FUNC..: PRT   ACT DT:
LAST UPDATED: DATE.: 05-16-2007        FACL..: DSC      CALC: AUTOMATIC
UNIT................: SB               QUARTERS............: S06-028U
DATE COMP BEGINS....: 04-04-2007       COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 43                TOTAL INOP TIME......: 0
CURRENT REL DT......: 05-21-2014 WED   EXPIRES FULL TERM DT: 05-21-2014
PROJ SATISFACT DT...: 06-14-2013 FRI   PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:

---------------------------GOOD CONDUCT TIME AMOUNTS---------------------------

   START        STOP       MAX POSSIBLE TO    ACTUAL TOTALS    VESTED      VESTED
    DATE        DATE       DIS     FFT        DIS     FFT      AMOUNT       DATE
 02-21-2007  02-20-2008     54
 02-21-2008  02-20-2009     54
 02-21-2009  02-20-2010     54
 02-21-2010  02-20-2011     54
 02-21-2011  02-20-2012     54
 02-21-2012  02-20-2013     54
 02-21-2013  06-14-2013     17

    TOTAL EARNED AMOUNT..................................................:        0
    TOTAL EARNED AND PROJECTED AMOUNT....................................:      341




G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ruben Flores | Alberto Gonzales, et al |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Pro Se P/R

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 6731180
F.C.I. Beaumont
P.O.B. 26020
Beaumont, Texas 77720

Case: 1:07-cv-01609
Assigned To : Huvelle, Ellen S.
Assign. Date : 9/10/2007
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)*  OR  ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

**No Summons Issued**

| ☒ G. *Habeas Corpus/ 2255*<br>☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ Multi district Litigation
☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 - Habeas Corpus

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** N.F.   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 9-10-07   SIGNATURE OF ATTORNEY OF RECORD  *NCD*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.